**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10266 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01543-FRZ-DTF-1 |
| v. | |
| JOSE JIMENEZ-PALACIO, aka Jose Jimenez-Palacios, aka Jose Palacios Jimenez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted July 9, 2015[**]
San Francisco, California

Before: GILMAN,[***] GRABER, and WATFORD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

Defendant Jose Jimenez-Palacio was convicted of unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). He appeals the district court's order denying his motion to suppress. Reviewing de novo, United States v. Camou, 773 F.3d 932, 937 (9th Cir. 2014), we affirm.

At the time Defendant made the statements that he seeks to suppress, he was not in custody for Fifth Amendment purposes. Under the circumstances, Special Agent Gallardo had reasonable suspicion to stop Defendant and could therefore ask him questions "'reasonably related in scope to the justification for their initiation.'" United States v. Cervantes-Flores, 421 F.3d 825, 830 (9th Cir. 2005) (per curiam) (quoting Terry v. Ohio, 392 U.S. 1, 29 (1968)). That included questions "'about [Defendant's] citizenship and immigration status,'" and questions seeking "'to explain suspicious circumstances.'" Id. (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 881–82 (1975)). The fact that Special Agent Gallardo placed Defendant in handcuffs did not, without more, convert the lawful stop into a custodial arrest. Id.; see also United States v. Medina-Villa, 567 F.3d 507, 520 (9th Cir. 2009) (holding that a border patrol agent's blocking the stopped vehicle, approaching the vehicle with his gun drawn, and interrogating the individual about his citizenship and immigration status did not convert the stop into a custodial arrest).

**AFFIRMED.**

2